# Hays, *et al. v.* Dillard.

### *Bill to Quiet Title.*

(Decided February 1, 1912. 57 South. 695.)

1. *Deeds; Execution; Validity.*—Where land was conveyed to a wife and her children jointly, a deed by the husband purporting to be the deed of the children, executed after the wife's death, and executed by the husband without authority in the name of the children, was void as to the children, and when not recorded, did not give the children constructive notice of its existence.

2. *Same; Insanity; Evidence.*—The evidence stated and examined and held to justify a finding that the grantor was insane at the time of the execution of the deed, thus rendering the deed invalid.

3. *Tenancy in Common; Adverse Possession.*—Where land was conveyed to a wife and her children jointly, and after her death the husband conveyed the same by signing the deed in the name of the children without authority his grantor under the deed, was during the life of the husband a tenant in common with the children, and his possession was prima facie that of the children, and to acquire title by adverse possession, the burden was upon him to establish possession adverse to the children.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

[Hays, et al. v. Dillard.]

Bill by W. D. Dillard against H. F. Hays and others to quiet title to land. From a decree for complainant, respondents appeal. Reversed and rendered.

After setting out a description of the land, and alleging that orator and those under whom he holds said land have been in open, adverse, exclusive, and notorious possession of said land for more than 10 years, claiming title to same, it is alleged that H. F. Hays, Bertha Hays, and Willie Hays, who is alleged to be of unsound mind and incarcerated in the insane asylum at Tuscaloosa, purport to have some claim or title thereto, or lien or incumbrance thereon. Respondents propound their claim, setting up that each owned a one-eighth interest in said land under and by virtue of a deed of conveyance executed by Day to themselves and their mother, and an additional one fifty-sixth interest by virtue of inheritance from their mother. The complainant claims through a deed purporting to have been made by H. R. Hays and his children to T. J. Simmons, who conveyed to T. O. Dillard, who conveyed to the present complainant. The other facts sufficiently appear in the opinion.

BULGER & RYLANCE, for appellant. The chancellor erred in sustaining complainant's claim to ten years adverse possession.—Sec. 2830, Code 1907. No actual ouster is shown, and the possession of the co-tenant is presumed prima facie to be for the other tenants.— *John v. John*, 93 Ala. 244; *Newbold v. Smart*, 67 Ala. 326; *Sibley v. Alba*, 95 Ala. 198; *Jackson v. Elliott*, 100 Ala. 669; *Scotch L. Co. v. Sage*, 132 Ala. 608; *Ashford v. Ashford*, 136 Ala. 640. It is therefore insisted that the court was in error in the judgment rendered.

BRIDGES & OLIVER, for appellee. No injury resulted from the overruling of demurrers, as no greater burden

[Hays, et al. v. Dillard.]

was put upon complainant than he would have had to carry otherwise.—*Scarbrough v. Borders*, 115 Ala. 436; *So. Ry. Co. v. Jackson*, 133 Ala. 384. As to the elements constituting adverse possession see *Goodson v. Brothers*, 111 Ala. 589. A deed void as muniment of title will operate as color.—*Florence Co. v. Warren*, 91 Ala. 533; *Carter v. Cavalier*, 108 Ala. 563; *Perry v. Lawson*, 112 Ala. 580. Possession under color extends to the boundaries described in the color.—*Zendell v. Baldwin*, 114 Ala. 328. · Where there is privity several possession may be tacked and treated as a continuous holding.—*Lucy v. Tennessee Co.*, 92 Ala. 246; *Carter v. Cavalier, supra*. Knowledge of a defect in title does not prevent possession being adverse under it.—*Hoffman v. White*, 90 Ala. 354; *Alexander v. Wheeler*, 69 Ala. 332. A sale and conveyance by one joint owner of the entire fee to a stranger who takes possession claiming the exclusive title converts the possession of the purchaser into adverse possession.—*Riggs v. Fuller*, 54 Ala. 141. An ouster was sufficiently shown.—*Walker v. Crawford*, 70 Ala. 567; *Abercrombie v. Baldwin*, 15 Ala. 363. Anything sufficient to put a party on inquiry is sufficient to charge him with notice.—*Boggs v. Price*, 64 Ala. 514; *Fielder v. Childs*, 73 Ala. 567. Parties who have received and accepted benefits of a transaction cannot afterwards repudiate it as invalid.—*Smith v. Lusk*, 119 Ala. 394; *Creamer v. Holbrook*, 99 Ala. 53; *Robinson v. Bradford*, 73 Ala. 163. The provisions of sec. 2830, Code 1907, are without application to possession held prior to its enactment.—*Robinson v. Holt*, 85 Ala. 596; *Ex parte Oehmig*, 91 Ala. 558. The proof does not show such insanity or mental weakness as to render the deed void.—28 Ala. 565; 36 Ala. 514; 81 Ala. 563.

MAYFIELD, J.—This is a suit by appellee against appellants to quiet title and determine claims to land. The bill is filed under chapter 127, §§ 5443-5449, of the Code.

The respondents (appellants here) disclaimed title as to part of the land described in the bill, as is provided for by section 5448 of the Code, and as to this part of the land no question is raised on this appeal. As to the other lands, the respondents claimed to own an undivided one-eighth interest, acquired by conveyance from one W. J. Day and his wife in 1884, and in addition thereto an undivided one fifty-sixth interest, which they acquired by descent from their deceased mother, Theresa Hays.

The chancellor allowed the claim of two of the respondents as to the one fifty-sixth interest which they acquired by descent from their mother, but disallowed their claim as to the one-eighth interest acquired by purchase from Day. As to the third respondent, who is non compos mentis, the chancellor denied his entire claim on account of a conveyance by him of his interest.

After a careful examination of all the evidence, oral and documentary, together with the pleadings in this case, we are persuaded that the chancellor was in error in his findings and decrees as to the interest, claim, and title of each of these respondents; and that the evidence shows that they are entitled to the exact interests set up in their answers.

It is conclusively shown, if not without dispute, that W. J. Day was the common source of title of the lands in dispute; that in 1884 he and his wife conveyed these lands to Theresa Hays and her seven children jointly, and that these respondents are three of these children and grantees; that the mother died in 1892, leaving surviving a husband, H. R. Hays, the father of the respond-

[Hays, et al. v. Dillard.]

ents and the other children. In 1899, the father, H. R.
Hays, attempted to convey the absolute title to one Sim-
mons. This deed was void, however, as to the children,
including these respondents, for the reason that they
were not parties thereto—the father, without any legal
authority, signing their names thereto, the children not
even being present; and the certificate of acknowledg-
ment reciting that the father did so sign their names.
This deed was not recorded until November 7, 1910,
after this suit was filed; nor was the complainant's deed
from Simmons recorded until after the filing of
this bill. So the respondents had not even constructive
notice of this void deed, purporting to be signed by
them. The complainant therefore shows no valid paper
title to the interest of the two respondents who are
compos mentis, although he claims through them.

As to the interest of the respondent non compos men-
tis, the complainant shows title if his conveyance there-
of is valid; that is, if it is not void because the grantor
was non compos mentis at the time of the attempted
conveyance. The evidence is in dispute as to this fact;
but after careful examination thereof we are of the opin-
ion that the grantor was incompetent to make the con-
veyance, and that the instrument attempted to be ex-
ecuted was therefore void. The chancellor expressed
grave doubt as to the correctness of his own finding
touching this fact; and it is not denied that this alleged
grantor is now insane, and is now in the insane hospital
at Tuscaloosa, where he has been confined for about
eight years. Moreover, the majority of the disinterest-
ed witnesses qualified to testify upon this subject say
that he is now insane, was so at the time of the attempt-
ed conveyance, and has been so all his life.

The evidence tending to show insanity was rather of
a negative character, being to the effect that the wit-

nesses did not *then know* this respondent was insane; and some of the witnesses as to sanity were interested. Those witnesses who knew him best testified that he had been idiotic all his life, and testified to conduct and acts on his part wholly inconsistent with those of a sane person, such as tearing up his clothes and chewing them, fighting with trees and other inanimate things, sleeping out in the woods, and going for days only partially clad, and without food.

While the complainant claims title through these respondents, and the conveyances have been shown to be void and impotent to pass title, yet he contends that he has acquired title by adverse possession; that, though these conveyances be void, in so far as they attempt to pass title, yet they answer as color of title and enabled complainant to acquire possession. To this we cannot agree, for the reason that complainant was in fact and in law a tenant in common with these respondents during the life of the father; and hence, his possession, and that of those under whom he claims, was prima facie that of the respondents also. The deed from the respondents' father to Simmons, of December 7, 1899, which must form the only basis for adverse possession, is shown conclusively to have been, in law, if not in fact, a forgery, so far as these respondents are concerned. It is conclusively shown that their names were signed to it without their presence, their authority, or their knowledge, and that they never appeared before the justice who took the acknowledgment. And while the certificate of acknowledgment is somewhat confusing in its recitals, it does not show that they executed the deed, or in person so acknowledged its execution; and there is no pretense of any power of attorney in any one to so execute the deed for them.

It is also shown that the grantee, Simmons, knew that as to these respondents the deed was a forgery; and, as stated, this deed was not filed for record until November. 7, 1910, nearly 11 years after its execution, and several month after this bill was filed.

It appearing beyond question that the interests of these respondents in the land in question did not pass by this deed to Simmons, the question arises, Can or should the deed operate as a color of title to Simmons and his grantees, by virtue of which to build up an adverse possession and defeat the title of these respondents? We think not. Such would be a fraud in law, if not in fact. The law as to adverse possession, as between tenants in common, has been so often stated by this court that it would seem unnecessary to restate it here. It is sufficient to say that we are of the opinion that this doctrine applies to this case, and that the complainant has not discharged the burden resting upon him to show title, as against these respondents, by proof of adverse possession.

It therefore follows that the decree of the chancellor is erroneous, and it is reversed; and a decree will be here entered, adjudging that these respondents are each entitled to an undivided one-seventh interest in and to the land in question, as claimed in their answers.

Reversed and rendered. All the Justices concur.